UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WORD APE, LLC, d/b/a CHOMCHOM ROLLER,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PAWICO,<br><br>　　　　　Defendant. | No.<br><br>COMPLAINT<br><br>JURY DEMAND |

Plaintiff Word Ape, LLC, d/b/a ChomChom Roller ("ChomChom") alleges the following as the basis for its claims against Defendant Pawico.

**Parties**

1.　　ChomChom is a corporation organized and existing under the laws of the state of Washington and having its headquarters in Bellevue, Washington.

2.　　Pawico is an internet seller of unknown type of organization purportedly having a mailing address of 87 4th Rd., San Lorenzo, CA 94580 and an email address of *info@pawico.com*. Pawico accepts orders via its website accessible at *https://pawico.com/* and fulfills them with DHL Express to the US Postal Service, which then delivers the package to the customer.

COMPLAINT -- 1

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

**JURISDICTION AND VENUE**

3. This action arises under the patent laws (35 U.S.C. §§ 271, 281, and 289) and the copyright laws (17 USC § 106). Original jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court properly exercises personal jurisdiction over defendant because defendant has transacted business within the state of Washington, has unlawfully used and infringed upon patent rights granted to plaintiff that is located in this jurisdiction, and has committed tortious acts within the state of Washington, and is therefore subject to the jurisdiction of this Court pursuant to Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure and RCW § 4.28.185.

5. Venue is proper in the U.S. District Court for the Western District of Washington pursuant to 28 U.S.C. § 1391 and § 1400(b).

**Count I – Patent Infringement**

6. U.S. Patent No. 8,117,706 ("the '706 patent"), titled "Manual Cleaning Instrument," was filed on March 3, 2009, and issued on February 21, 2012. A true and accurate copy of the '706 patent is attached hereto as <u>Exhibit 1</u>.

7. Plaintiff is the exclusive licensee to the '706 patent with the right to sue for and recover all past, present, and future damages for infringement of any claim of the '706 patent.

8. Plaintiff has not licensed or otherwise authorized defendant to make, sell, or offer for sale any product under the '706 patent.

9. Plaintiff makes and sells devices that embody one or more claims of the '706 patent under the name CHOMCHOM ROLLER®. Plaintiff sells this product through, *inter alia*, its website (*https://www.pethairgone.com/*) and through Amazon.

10. Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the '706 patent by making, using, selling and/or

offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States and in this judicial district, products, such as the "Pawico Roller Pet Hair Remover" that is covered by, embody, or practice one or more of the claims of the '706 patent. Defendant is liable for infringement of the '706 patent pursuant to 35 U.S.C. § 271.

11. Defendant's acts of infringement have caused damage to plaintiff, and plaintiff is entitled to recover from defendant the damages sustained by plaintiff as a result of defendant's wrongful acts in an amount subject to proof at trial.

12. As a consequence of the infringement complained of herein, plaintiff has been irreparably damaged to an extent not yet determined, and will continue to be irreparably damaged by such acts in the future unless defendant is enjoined by this Court from committing further acts of infringement of the '706 patent.

13. One or more of defendant's acts of infringement were made or will be made with knowledge of the '706 Patent. Such acts constitute willful infringement and make this case exceptional pursuant to 35 U.S.C. §§ 284 and 285 and entitle plaintiff to enhanced damages and reasonable attorneys' fees.

## Count II – Copyright Infringement

14. Plaintiff re-alleges the allegations set forth above.

15. Plaintiff is the owner of Copyright Registration No. PA 2-245-379 for a video that demonstrates and promotes plaintiff's pet hair remover (the "Roller Video"). The video features a red sofa covered with white pet hair that is quickly removed by the model merely by rolling the CHOMCHOM Roller across the surface of the sofa. The video is accessible at *https://www.youtube.com/watch?v=VvS3XBWeJ8s*. A true and accurate copy of Plaintiff's '379 registration certificate is attached hereto as Exhibit 2.

16. Plaintiff's video is a wholly original and creative work that constitutes subject matter that is eligible for copyright under 17 U.S.C. §§ 101 *et seq*.

17. Under 17 U.S.C. §101, a "derivative work" is a work based upon one or more preexisting works, such as a translation, musical arrangement, dramatization, fictionalization, motion picture version, sound recording, art reproduction, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted. A work consisting of editorial revisions, annotations, elaborations, or other modifications which, as a whole, represent an original work of authorship, is a "derivative work".

18. The copyright laws give the owner of the basic, copyrighted work the exclusive right to "prepare derivative works based upon the copyrighted work" (17 U.S.C. § 106(2)). It is considered copyright infringement to make or sell derivative works without permission from the original owner.

19. Plaintiff owns the exclusive rights and privileges in and to the Roller Video, and in compliance with the law, has received from the Register of Copyrights the appropriate certificate of registration, which constitutes *prima facie* evidence of the validity of the copyright in the Roller Video and of the facts stated in the certificate. At all relevant times, plaintiff has owned all applicable rights, title, and interest in and to the Roller Video.

20. Until it was removed by Facebook, defendant used the Roller Video to promote the use and sale of defendant's own pet hair remover product on its store page accessible at *https://www.facebook.com/pawicostore/*.

21. Inspection of the side-by-side images shows that defendant modified the Roller Video to eliminate plaintiff's original text information around the perimeter of the video and overlaid its own text information along the perimeter of the modified video. The central imagery, actions, items, and models of defendant's resulting work are the same as the copyrighted Roller Video.

22. Table 1 provides a side-by-side comparison of plaintiff's copyrighted Roller Video (on right) with defendant's infringing derivative video (on left). Defendant's copy of the

Roller Video was so faithful that a frame-by-frame inspection shows that the video used by defendant also displayed plaintiff's product and label. (See capture 3.)

Table 1

| | | |
|---|---|---|
| Capture 1 | THE LAST PET HAIR REMOVER YOU WILL EVER NEED (PAWICO) | IT PICKS UP HAIR IN SECONDS! (ChomChom) |
| Capture 2 | PERFECT FOR BED SHEETS, SOFA, COUCH, CARPET, CAR SEAT, CLOTHES (PAWICO) | IT'S QUICK AND SIMPLE TO USE! (ChomChom) |

COMPLAINT -- 5

Capture 3 

23. Defendant deliberately copied the copyrighted Roller Video and modified it to make a derivative work. Plaintiff did not authorize, condone, or license the copying or preparation by defendant of its derivative work.

24. Defendant's modified Roller Video represents an infringement of plaintiff's copyright in the Roller Video in violation of 17 U.S.C. § 106(2).

25. Defendant's infringement of plaintiff's copyright in the Roller Video has been deliberate, willful, and in disregard of plaintiff's rights.

26. Defendant has realized unjust profits, gains and advantages as a proximate result of its infringement, and will continue to realize unjust profits, gains and advantages as a proximate result of its infringement as long as such infringement is permitted to continue.

27. As a direct and proximate result of defendant's willful copyright infringement, plaintiff has suffered, and will continue to suffer actual damages. Plaintiff is entitled to its actual damages and any gains, profits, and advantages obtained by defendant as a result of its acts of infringement and its use and publication of the copied materials under 17 U.S.C. § 504(b).

28. Upon information and belief, defendant has obtained gains, profits, and advantages as a result of its wrongful acts in an amount not yet to be determined.

29. Plaintiff has no adequate remedy at law for the injuries currently being suffered, and the additional injuries that are threatened, and defendant will continue to engage in its wrongful conduct and plaintiff will continue to suffer irreparable injury that cannot be adequately remedied at law unless defendant is enjoined from engaging in any further such acts of infringement.

### Demand for Jury Trial

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury on all claims and issues so triable.

### Prayer for Relief

WHEREFORE, plaintiff respectfully requests judgment against defendant as follows:

#### For Count I

1. A determination that the defendant has infringed the '706 patent;

2. A determination that the defendant has induced infringement of the '706 patent;

3. An order that the defendant account for and pay to plaintiff all damages caused by its infringement of the '706 patent, and to enhance such damages by three times in light of defendant's willful infringement, all in accordance with 35 U.S.C. § 284;

4. An order that plaintiff be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining defendant, its officers, agents, servants, employees, and all those persons in active concert or participation with them from further acts of patent infringement, including the making, using, selling, and offering to sell the Pawico Pet Hair Remover and colorable imitations thereof within the scope of the '706 patent;

5. An order that plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of defendant's infringement of the '706 patent;

6. A determination that this is an exceptional case;

ATKINS IP
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

7. An award to the plaintiff of its reasonable attorney's fees in accordance with 35 U.S.C. § 285;

8. An award of costs to the plaintiff;

### For Count II

9. An order that plaintiff is entitled to a preliminary and permanent injunction preventing the further reproduction, display, and distribution of the derivative Roller Video and all derivative works based thereon;

10. An order that plaintiff is entitled to judgment and a monetary award of (a) all profits received by defendant from the sale of defendant's pet hair removal tool during the periods when the derivative Roller Video was displayed and used in promotion of sale of defendant's product; (b) all consequential damages suffered by plaintiff, or (c) statutory damages for willful infringement in the amount of no less than $600,000;

11. An order that defendant pay plaintiff's expenses of litigation, including plaintiff's reasonable attorneys' fees and costs;

### For Both Counts

12. An order that plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

COMPLAINT -- 8

**ATKINS IP**
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983

DATED this 2nd day of December, 2020.

JOHNSON LEGAL PLLC

By /s/ Lance G. Johnson
Lance G. Johnson
*Pro Hac Vice Application Forthcoming*
Johnson Legal PLLC
12545 White Drive
Fairfax, VA 22030
(202) 445-2000
*lance@lgjlegal.com*

ATKINS INTELLECTUAL PROPERTY, PLLC

By /s/ Michael G. Atkins
Michael G. Atkins
WSBA# 26026
Atkins Intellectual Property, PLLC
113 Cherry Street #18483
Seattle, WA 98104-2205
(206) 628-0983
*mike@atkinsip.com*

Attorneys for Plaintiff