The Honorable Richard A. Jones
The Honorable David W. Christel

UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT
SEATTLE

| | |
|---|---|
| WORD APE, LLC, d/b/a CHOMCHOM ROLLER,<br><br>              Plaintiff,<br><br>  vs.<br><br>PAWICO,<br><br>              Defendant. | Case No.: 2:20-cv-01768-DWC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED ON MOTION CALENDAR: JANUARY 18, 2021 |

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 9. Currently before the Court is Plaintiff's Ex Parte Motion for Alternative Service. Dkt. 8. The Court recommends the motion be GRANTED.

**I.    BACKGROUND**

Plaintiff Word Ape, LLC, d/b/a ChomChom Roller ("Plaintiff") is a limited liability company organized and existing under the laws of the state of Washington and having its headquarters in Bellevue, Washington. Dkt. 1 at ¶ 1. Defendant Pawico ("Defendant") is an internet seller of unknown type of organization purportedly having a mailing address of 87 4th Rd., San Lorenzo, CA 94580 and an email address of *info@pawico.com*. *Id.* at ¶2. Defendant

accepts orders via its website accessible at *htttps://pawico.com/* and fulfills them with DHL Express to the US Postal Service, which then delivers the package to the customer. *Id.*

Plaintiff is the exclusive licensee of U.S. Patent No. 8,117,706 ("706 patent"), titled "Manual Cleaning Instrument," which was filed on March 3, 2009, and issued on February 21, 2012. *Id.* at ¶¶ 6-7. Plaintiff has not licensed or otherwise authorized Defendant to make, sell, or offer for sale any product under the 706 Patent. *Id.* at ¶ 8. Plaintiff makes and sells devices that embody one or more claims of the 706 Patent under the name CHOMCHOM ROLLER® and sells this product through, *inter alia*, its website (*https://www.pethairgone.com/*) and through Amazon. *Id.* at ¶ 9.

On December 2, 2020, Plaintiff brought this action against Defendant alleging Defendant, directly or through its subsidiaries, divisions, or groups, has infringed and continues to infringe one or more claims of the 706 Patent by making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, in the United States and in this judicial district, products, such as the "Pawico Roller Pet Hair Remover" that is covered by, embody, or practice one or more of the claims of the 706 Patent. *Id.* at ¶ 10. Plaintiff asserts claims for patent and copyright infringement. *See* Dkt 1.

Plaintiff unsuccessfully attempted to serve Defendant personally at the address Defendant listed on its website, namely 87 4th Rd., San Lorenzo, California 94580, which also lists an email address of info@pawico.com and a phone number of "12133378298." Dkt. 8 at ¶1. The process server found that the address was "not a valid address" and exhibited "No signs of a PAWICO operational business". *Id.* at ¶ 2. The process server also called the listed phone number and found that the "number belongs to a different business." *Id.* After a search of the registered businesses in the office of the California Secretary of State Plaintiff did not locate a

REPORT AND RECOMMENDATION
Page 2

corporation, limited partnership, or limited liability corporation by any name including "Pawico." *Id.* at ¶ 3. A further search of a national business registry did not find any entry for Defendant. *Id.* at ¶4. The contact information for the owner of the <Pawico.com> domain is hidden behind a privacy wall and lists the privacy entity in Canada as well as a contact email address for communications directed to Pawico ("Pawico.com@contactprivacy.com"). *Id.* at ¶5. Defendant's Facebook page directs users to its website <Pawico.com> and provides a mechanism to send Pawico a message. *Id.* at ¶6.

Plaintiff asks the Court for leave to serve the Defendant by email and electronic message through Defendant's store page on Facebook.com.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(h)(2) allows service of process upon a foreign corporation to be effected "in any manner prescribed for individuals by subdivision [4](f) except personal delivery." Rule 4(f) authorizes several methods for service of process including, an "internationally agreed means of service," or, if there is no "internationally agreed means," a method that is reasonably calculated to give notice. Fed. R. Civ. P. 4(f).

## III. DISCUSSION

Under Fed. R. Civ. P. 4(f)(3), courts have discretion to allow service by alternative means provided the court's method of service comports with constitutional notions of due process and is not prohibited by international agreement. *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). A method of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-1017 (quoting *Mullane v. Cent. Hanover Bank 706 Patent Trust*, 339 U.S. 306, 314 (1950)). Courts have authorized

numerous methods of alternative service under Rule 4(f)(3), including service by publication, mail, and e-mail. *Id.* at 1016 (citations omitted). "Parties are not required to attempt service by other methods before petitioning the court for alternative service of process, instead it is within the discretion of the district court to determine when the particularities and necessities of a given case require alternate service of process under rule 4(f)(3)." *Rubie's Costume Company, Inc. v. Yiwu Hua Hao Toys Co., Ltd.*, 2019 WL 6310564 at *2 (W.D. Wash. 2019).

Courts consider a variety of factors when evaluating whether to grant relief under Rule 4(f)(3) including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, and whether the plaintiff had previously been in contact with the defendant. *See e.g. Rio Properties, Inc.*, 284 F.3d at 1007 (authorizing alternative service where the plaintiff made multiple good faith yet unsuccessful efforts to serve the defendant and the defendant was "striving to evade service of process."); *Liberty Media Holdings, LLC v. Vinigay.com*, 2011 WL 810250 (D. Ariz. Mar. 3, 2011) (allowing alternative service by e-mail where the plaintiff was unable to identify a physical address for the defendant and the plaintiff had previously communicated with the defendant by e-mail). Even if alternative service is permitted by Rule 4(f)(3), however, the Court must still consider whether the proposed method of service comports with due process. *Rio Properties, Inc.*, 284 F.3d at 1016.

Unless federal law provides otherwise, Federal Rule of Civil Procedure 4(f)(3) permits service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service of a defendant through its Facebook account has been approved under Fed. R. Civ. P. 4(f)(3). *See Juicero, Inc. v. Itaste Co.*, No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal., June 5, 2017) (authorizing e-mail service and service through Facebook account on Chinese defendants in an infringement

REPORT AND RECOMMENDATION
Page 4

case). "Service by e-mail and through Defendants' electronic storefronts is permitted ….where Plaintiff has been unable to ascertain physical addresses for service after a reasonable effort or where there is evidence defendants are attempting to evade service." *Rubie's Costume Company, Inc.*, 2019 WL 6310564 at *3.

The Ninth Circuit has interpreted Rule 4(f)(3) to allow service on foreign defendants by email where the defendants were unreachable by other means or had no known physical address. *Rio Properties, Inc.*, 284 F.3d at 1017. To establish that service of process by email is appropriate in a given case, a plaintiff must show that (1) international agreement does not prohibit service by email; and (2) that service by email is "reasonably calculated to provide actual notice" to the defendant. *Id.* at 1014.

The international Hague Convention agreement does not prohibit email service on defendants who hide their physical addresses. The text of the Convention expressly states: "This Convention shall not apply where the address of the person to be served with the document is not known." *Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, HCCH, *available at* https://www.hcch.net/en/instruments/conventions/full-text/?cid=17 (last visited Jan 2, 2021). As discussed in *D.Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015) (citations omitted):

> Because the physical addresses of these Defendants are unknown, the Hague Convention does not apply. Art. 1, 20 U.S.T. 361, 658 U.N.T.S. 163 c. Absent the application of the Hague Convention, it is not apparent that any international agreement applies in this case. International agreement does not, therefore, prohibit service of process by email.

REPORT AND RECOMMENDATION
Page 5

Service by electronic communication, such as email or through a Facebook message, is not prohibited by an international agreement with Canada. *See Water Splash, Inc. v. Menon*, 137 S.Ct. 1504, 1507 (2017) (service by mail to Canada):

> This case concerns the scope of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965 (Hague Service Convention), 20 U.S.T. 361, T.I.A.S. No. 6638. The purpose of that multilateral treaty is to simplify, standardize, and generally improve the process of serving documents abroad. To that end, the Hague Service Convention specifies certain approved methods of service and pre-empts inconsistent methods of service wherever it applies. Today we address a question that has divided the lower courts: whether the Convention prohibits service by mail. We hold that it does not.

As a result, the Court finds that Plaintiff's proposed methods of alternative service are not expressly prohibited by international agreement.

Even if alternative service is permitted by Rule 4(f)(3), the Court must still consider whether the proposed method of service comports with due process. *Rio Properties, Inc.*, 284 F.3d at 1016. Here, the Court finds that service by e-mail and through Defendant's email (including <info@pawico.com> and <Pawico.com@contactprivacy.com>), and by electronic message through defendant's store page on Facebook.com should be permitted. Plaintiff has made a reasonable effort to locate a physical address for service. Such efforts include an attempt to serve Defendant at the address Defendant listed as its physical address on the "Contact Us" page of its website <Pawico.com> which is not a valid address and there are no signs of an operational Defendant's business near that location. Plaintiff also attempted to contact Defendant using the telephone number found on Defendant's website and used a national registry of businesses to determine if Defendant was a registered business entity in any state. Thus, Plaintiff has been unable to locate any postal or physical address associated with Defendant and has made a reasonable effort to do so.

## IV. CONCLUSION

Accordingly, the Court recommends Plaintiff's Motion be GRANTED and Plaintiff be permitted to serve Defendant through the alternative method of email to info@pawico.com, Pawico.com@contactprivacy.com, and by electronic message through the Pawico store page on <facebook.com>. Any return of service must include proof that plaintiff has attempted, at a minimum, to verify actual receipt of the email and/or electronic message.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on January 18, 2021, as noted in the caption.

Dated this 4th day of January, 2021.

David W. Christel
United States Magistrate Judge