UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WORD APE, LLC, D/B/A CHOMCHOM ROLLER,<br><br>                  Plaintiff,<br><br>        v.<br><br>PAWICO,<br><br>                  Defendant. | CASE NO. 2:20-cv-01768-LK<br><br>ORDER REQUIRING SUPPLEMENTAL BRIEFING |

Plaintiff Word Ape, LLC, d/b/a ChomChom Roller ("Word Ape") has filed a Motion for Default Judgment and Permanent Injunction against Defendant ("Motion"), Dkt. No. 15. Having reviewed the Motion, all supporting materials, and the relevant portions of the record, the Court requests supplemental briefing regarding standing.

## I.      BACKGROUND

Word Ape made and sold a popular pet hair removal device called the CHOMCHOM Roller. The CHOMCHOM Roller embodies one or more claims of U.S. Patent No. 8,117,706 ("the '706 patent"), to which Word Ape was the exclusive licensee. Dkt. No. 1 at 2. One of the means

that Word Ape used to promote the CHOMCHOM Roller was a video showing the Roller in action (the "Roller Video"). *Id.* at 3. Word Ape owns (or owned) a registered copyright (Registration No. PA 2-245-379) in the Roller Video. *Id.*

In December 2020, Word Ape filed a complaint alleging that Pawico infringed its intellectual property rights in the CHOMCHOM Roller. Dkt. No. 1. Word Ape alleges that Pawico infringed, and continues to infringe, the '706 patent by "making, using, selling and/or offering to sell, or allowing others to make, use, sell and/or offer for sale, the 'Pawico Roller Pet Hair Remover.'" *Id.* at 2–3. Word Ape also alleges that Pawico infringed its copyright in the Roller Video by using a slightly modified version of the Video to promote sales of Pawico's infringing product. *Id.* at 4–6.

After Word Ape unsuccessfully attempted to serve Pawico personally, including at the address listed on its website, this Court granted Word Ape's request for alternative service through email and through electronic message on Pawico's store page on Facebook.com. *See* Dkt. No. 10 at 2–3, 7; Dkt. No. 12 at 1. Despite valid service of process in accordance with the Court's Order, Pawico failed to appear or otherwise defend itself in this case. Dkt. No. 13 at 2.

On March 17, 2021, the Clerk entered default against Pawico, Dkt. No. 14, and on June 25, 2021, Word Ape moved for default judgment, Dkt. No. 15. In its motion, Word Ape seeks $1 in nominal damages on its patent infringement claim, $30,000 in statutory damages on its copyright infringement claim, an award of attorney's fees and costs, and a permanent injunction enjoining further infringement of Word Ape's patent and copyright. Dkt. No. 15 at 11–18.

Shortly after Word Ape moved for default judgment in this case, it filed a complaint against different defendants in the United States District Court for the District of New Jersey, alleging that they infringed the same patent. *Word Ape, LLC v. Ontel Products Corporation et al.*, No. C21-14431-MCA-MAH, Dkt. No. 1 at 3 (D. N.J. July 30, 2021). Word Ape recently informed the

Magistrate Judge who was presiding over that case that it "assigned all of its rights (including the right to enforce and recover damages) in the '706 Patent to Cheddar Creations in an Asset Purchase Agreement between these two parties, dated December 16, 2021." *Id.*, Dkt. No. 41 at 1 (June 10, 2022).

## II.    DISCUSSION

"Ascertaining standing in a patent-infringement case requires an inquiry into both Article III or 'constitutional' standing and what has been called 'statutory' or 'prudential' standing." *Intell. Tech LLC v. Zebra Techs. Corp.*, No. 6:19-CV-00628-ADA, 2022 WL 1608014, at *4 (W.D. Tex. May 20, 2022).[1] "[T]he touchstone of constitutional standing in a patent infringement suit is whether a party can establish that it has an exclusionary right in a patent that, if violated by another, would cause the party holding the exclusionary right to suffer legal injury." *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1265 (Fed. Cir. 2010). To have statutory standing, a plaintiff must have "all substantial rights" to the asserted patent. *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1340 (Fed. Cir. 2007).

"'A patent owner may transfer all substantial rights in the patents-in-suit, in which case the transfer is tantamount to an assignment of those patents to the exclusive licensee,' who may then maintain an infringement suit in its own name." *Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1319–20 (Fed. Cir. 2021) (quoting *Alfred E. Mann Found. for Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354, 1358–59 (Fed. Cir. 2010)). Accordingly, "[t]o determine whether an exclusive license is tantamount to an assignment," a court "must ascertain the intention of the parties to the license agreement and examine the substance of what was granted." *Id.* at 1320

---

[1] "[I]t is well established that a defect in Article III standing in patent infringement cases 'cannot be cured by the addition of a party with standing, nor by the subsequent purchase of an interest in the patent in suit.'" *Id.* at *8 (citing *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005); *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1364 (Fed. Cir. 2010); *Enzo APA & Son, Inc. v. Geapag A.G.*, 134 F.3d 1090, 1093 (Fed. Cir. 1998)).

1   (cleaned up).

2           Although the Federal Circuit has never "established a complete list of the rights that must

3   be examined to determine whether a patentee has transferred away sufficient rights to render

4   another party the owner of a patent," it has "listed several rights that should be examined." *Id.*

5   (cleaned up). These include:

6           the scope of the licensee's right to sublicense, the nature of license provisions
            regarding the reversion of rights to the licensor following breaches of the license
7           agreement, the right of the licensor to receive a portion of the recovery in
            infringement suits brought by the licensee, the duration of the license rights granted
8           to the licensee, the ability of the licensor to supervise and control the licensee's
            activities, the obligation of the licensor to continue paying patent maintenance fees,
9           and the nature of any limits on the licensee's right to assign its interests in the patent.

10  *Id.* (quoting *Alfred E. Mann*, 604 F.3d at 1360–61). Although a reviewing court must "examine

11  the totality of the agreement," "the exclusive right to make, use, and sell, as well as the nature and

12  scope of the patentee's retained right to sue accused infringers are the most important

13  considerations in determining whether a license agreement transfers sufficient rights to render the

14  licensee the owner of the patent." *Id.* (cleaned up).

15          In Word Ape's complaint, it alleges that it is the exclusive licensee to the '706 patent "with

16  the right to sue for and recover all past, present, and future damages for infringement of any claim

17  of the '706 patent." Dkt. No. 1 at 7. Even if this bare allegation were sufficient to allow the Court

18  to ascertain whether Word Ape had "all substantial rights" in the patent at the time it sued, it is

19  clear from Word Ape's letter to the Court in *Ontel* that it does not have such rights now. *Ontel*

20  *Products*, No. C21-14431-MCA-MAH, Dkt. No. 41 at 1. It is unclear whether Word Ape's rights

21  in its copyright also changed with the Asset Purchase Agreement.

22                          III.    CONCLUSION

23          For the foregoing reasons, the Court ORDERS that Word Ape file supplemental briefing

24  addressing standing, including rights in the patent and copyright at issue. The supplemental brief

ORDER REQUIRING SUPPLEMENTAL BRIEFING - 4

1    shall not exceed 10 pages and shall be filed no later than August 23, 2022.

2          Dated this 2nd day of August, 2022.

3

4                                          Lauren King
                                          United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24