UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WORD APE, LLC, D/B/A CHOMCHOM ROLLER,<br><br>              Plaintiff,<br><br>      v.<br><br>PAWICO,<br><br>              Defendant. | CASE NO. 2:20-cv-01768-LK<br><br>ORDER GRANTING MOTION TO SUBSTITUTE PARTY |

This matter comes before the Court on the motion by Plaintiff Word Ape, LLC, d/b/a/ ChomChom Roller ("Word Ape") and Cheddar Creations, Inc. to substitute Cheddar Creations for Word Ape as Plaintiff in this action. Dkt. No. 20.

Word Ape made and sold a popular pet hair removal device called the CHOMCHOM Roller which embodies one or more claims of U.S. Patent No. 8,117,706 ("the '706 patent"). Dkt. No. 1 at 2. Word Ape maintains that "[a]t the outset of the present litigation, Word Ape was the exclusive licensee of the ['706 Patent], with the right to enforce the '706 Patent in court and recover damages for infringement of any of its claims." Dkt. No. 20 at 1–2. Word Ape also maintains that

ORDER GRANTING MOTION TO SUBSTITUTE PARTY - 1

it was the owner of the copyright for a video showing the Roller in action, which is the basis for its copyright claim in this case. *Id.* at 2. Word Ape has "since assigned all of its rights (including the right to enforce and recover damages) in the '706 Patent and the copyright associated with the video to Cheddar Creations in an Asset Purchase Agreement between these two parties, dated December 16, 2021." *Id.*

The Court GRANTS the motion to substitute Cheddar Creations as Plaintiff; provided, however, that Cheddar Creations is ORDERED to file an amended complaint within 30 days of this Order that corrects the name of the Plaintiff and provides the Court with sufficient information to determine whether Cheddar Creations has "all substantial rights" to the asserted patent. *See Univ. of S. Fla. Rsch. Found., Inc. v. Fujifilm Med. Sys. U.S.A., Inc.*, 19 F.4th 1315, 1320 (Fed. Cir. 2021) ("[t]o determine whether an exclusive license is tantamount to an assignment," a court "must ascertain the intention of the parties to the license agreement and examine the substance of what was granted") (cleaned up); *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."). Alternatively, the patentee may be joined to this action. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1229 (Fed. Cir. 2019) ("If a party cannot bring suit in its own name, it may still bring suit along with the patentee so long as it possesses 'exclusionary rights.'"); *see also Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-CV-00943-NYW, 2022 WL 279624, at *5 (D. Colo. Jan. 31, 2022) ("An exclusive licensee who does not possess 'all substantial rights' is not completely barred from bringing a patent infringement lawsuit; rather, an exclusive licensee may sue for patent infringement, so long as the exclusive licensee has joined the patentee under [35 U.S.C.] § 281.").

After Cheddar Creations files its amended complaint, it may then move for default in accordance with Federal Rule of Civil Procedure 55 and Local Civil Rule 55.

1   Dated this 2nd day of September, 2022.

*Lauren King*
_____
Lauren King
United States District Judge

ORDER GRANTING MOTION TO SUBSTITUTE PARTY - 3