1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| CHEDDAR CREATIONS, INC.,<br><br>    Plaintiff,<br><br> v.<br><br>PAWICO,<br><br>    Defendant. | CASE NO. 2:20-cv-01768-LK<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DEFAULT JUDGMENT |

This matter comes before the Court on Plaintiff Cheddar Creations, Inc.'s[1] Renewed Motion for Default Judgment and Permanent Injunction Against Defendant Pawico. Dkt. No. 29. Having reviewed the motion, Plaintiff's supporting materials, and the remainder of the record, the Court grants in part and denies in part Plaintiff's motion and enters default judgment against Pawico as set forth below.

---

[1] Word Ape, LLC, d/b/a/ ChomChom Roller, was the named plaintiff at the outset of this litigation. *See* Dkt. No. 1. On September 2, 2022, the Court granted Word Ape's joint motion with Cheddar Creations, Inc. to substitute Cheddar Creations as the named plaintiff, and directed Cheddar Creations to file an amended complaint. *See* Dkt. Nos. 20–22. The motion to substitute followed the Court's request for supplemental briefing as to Word Ape's standing in this case in light of Cheddar Creations' December 2021 acquisition of the rights to enforce the patent and copyright at issue. Dkt. No. 19 at 2–5; *see* Dkt. No. 22-4.

## I.     BACKGROUND

Plaintiff makes and sells a popular pet hair removal device called the CHOMCHOM Roller. The CHOMCHOM Roller embodies one or more claims of U.S. Patent No. 8,117,706 ("the '706 patent"), to which Plaintiff is the exclusive licensee. Dkt. No. 22 at 2; *see* Dkt. Nos. 22-1, 22-3, 22-4, 29-4. One of the means that Plaintiff has used to promote the CHOMCHOM Roller is a video showing the Roller in action (the "Roller Video"). Dkt. No. 22 at 3. Plaintiff owns a registered copyright (Registration No. PA 2-245-379) in the Roller Video. *Id.*; *see* Dkt. No. 29-3 at 2; Dkt Nos. 22-4, 29-4.

In December 2020, Plaintiff filed a complaint alleging that Pawico infringed its intellectual property rights related to the CHOMCHOM Roller. Dkt. No. 1. After Plaintiff unsuccessfully attempted to serve Pawico personally, including at the address listed on its website, this Court granted Plaintiff's request for alternative service through email and through electronic message on Pawico's Facebook store page. *See* Dkt. No. 10 at 2–3, 7; Dkt. No. 12 at 1. Despite valid service of process in accordance with the Court's Order, Pawico failed to appear or otherwise defend itself in this case. *See* Dkt. No. 11; Dkt. No. 13 at 2.

On March 17, 2021, the Clerk of Court entered default against Pawico, Dkt. No. 14, and on June 25, 2021, Plaintiff moved for default judgment, Dkt. No. 15. While Plaintiff's motion was pending, Word Ape informed the court in a separate patent infringement case it filed in the United States District Court for the District of New Jersey that it had "assigned all of its rights (including the right to enforce and recover damages) in the '706 Patent to Cheddar Creations in an Asset Purchase Agreement between these two parties, dated December 16, 2021." *Word Ape, LLC v. Ontel Prods. Corp.*, No. C21-14431-MCA-MAH, Dkt. No. 41 at 1 (D.N.J. June 10, 2022). This Court then ordered Word Ape to file supplemental briefing addressing its standing in this case, including its rights in the '706 patent and Roller Video copyright. Dkt. No. 19. In response,

1    Cheddar Creations, Inc. substituted in as the named plaintiff and filed an amended complaint, and

2    the Court then struck the pending motion for default judgment without prejudice to renew. *See*

3    *supra* note 1; Dkt Nos. 20–22, 24; *see also* Fed. R. Civ. P. 25(c).[2]

4         Plaintiff later obtained another entry of default based on Pawico's continued failure to

5    appear or otherwise defend in this action, Dkt. Nos. 25, 26, and then renewed its motion for default

6    judgment, Dkt. No. 29. In its motion, Plaintiff seeks $1 in nominal damages on its patent

7    infringement claim, $30,000 in statutory damages on its copyright infringement claim, a permanent

8    injunction enjoining further infringement of Plaintiff's intellectual property, and an award of

9    $16,473.50 in attorney's fees and costs. *Id.* at 12–19.

10                              **II.     DISCUSSION**

11   **A.     Jurisdiction**

12        Before entering default judgment, district courts must evaluate subject matter and personal

13   jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought

14   against a party who has failed to plead or otherwise defend, a district court has an affirmative duty

15   to look into its jurisdiction over both the subject matter and the parties."). In this case, the Court

16   has subject matter jurisdiction over Plaintiff's patent and copyright claims pursuant to 28 U.S.C.

17   §§ 1331 and 1338(a). *See* Dkt. No. 22 at 2.

18        With respect to personal jurisdiction, Plaintiff alleges that "Pawico is an internet seller of

19   unknown type of organization purportedly having a mailing address of 87 4th Rd., San Lorenzo,

20   CA 94580," and that it has transacted business and committed infringing and tortious acts in

21

22   ──────────────
     [2] The Court notes that pursuant to Federal Rule of Civil Procedure 25, Plaintiff would ordinarily have been required
     to serve its motion to substitute on Pawico pursuant to Federal Rule of Civil Procedure 5. *See* Fed. R. Civ. P. 25(a)(3),
     (c). However, in light of Pawico's default for failing to appear, service was not required. Fed. R. Civ. P. 5(a)(2).
23   Likewise, because Plaintiff's amended complaint does not assert any new claims for relief, *compare* Dkt. No. 22, *with*
     Dkt. No. 1, Plaintiff was not required to serve it on Pawico under Rule 5(a)(2). *See, e.g.*, *In re Chinese Manufactured
     Drywall Prod. Liab. Litig.*, 742 F.3d 576, 593 (5th Cir. 2014); *Emp. Painters' Tr. v. Cascade Coatings*, No. C12-
24   0101-JLR, 2013 WL 12158588, at *4 (W.D. Wash. Sept. 27, 2013).

Washington. Dkt. No. 22 at 1–2. Pawico thus appears to be a non-resident defendant. "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). When, as here, there is no applicable federal statute governing personal jurisdiction over a non-resident defendant, a district court applies the law of the state in which it sits. *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998); *see also Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015); Fed. R. Civ. P. 4(k)(1)(A). Washington's long-arm statute is coextensive with federal due process requirements. *See* Wash. Rev. Code § 4.28.185; *Downing v. Losvar*, 507 P.3d 894, 905–06 (Wash. Ct. App. 2022) ("[T]he Washington Supreme Court has consistently ruled that the state long-arm statute permits jurisdiction over . . . foreign corporations to the extent permitted by the due process clause of the United States Constitution."). Thus, the Court must consider "whether the requirements of due process are satisfied by [its] exercise of personal jurisdiction over" Pawico. *Panavision*, 141 F.3d at 1320; *accord Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

Because Plaintiff does not contend that general jurisdiction exists over Pawico in Washington, *see* Dkt. No. 22 at 1–2, the Court uses the Ninth Circuit's three-prong test for determining whether Pawico is subject to specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

1  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004) (quoting *Lake v.*

2  *Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987)).

3          Based on the above factors, the Court concludes that its exercise of specific personal

4  jurisdiction over Pawico is proper. First, Plaintiff alleges that Pawico "has transacted business

5  within the state of Washington" by "making, using, selling and/or offering to sell, or allowing

6  others to make, use, sell and/or offer for sale" the Pawico Pet Hair Remover in this judicial district.

7  Dkt. No. 22 at 2–3. Pawico allegedly accepted orders of the infringing pet hair remover via its

8  website, https://pawico.com, and fulfilled them using DHL Express and the U.S. Postal Service to

9  deliver the product to customers. *Id.* at 1–2; *see* Dkt. No. 8 at 2 ("Plaintiff has made a test buy of

10  the accused product and can confirm that defendant receives and responds to orders placed through

11  its website."). Second, Plaintiff's claims arise from Pawico's conduct directed toward Washington.

12  *See* Dkt. No. 22 at 2–3. And last, there is no evidence in the record indicating that the Court's

13  exercise of jurisdiction would be unreasonable. Although Pawico did not respond to the complaint,

14  it was served with the summons and complaint via email and Facebook per the Court's order

15  authorizing service in that manner. *See* Dkt. Nos. 11–13.

16  **B.      Standing**

17          In light of its prior concerns, *see* Dkt. No. 19, the Court will address Plaintiff's standing in

18  this case. *See, e.g.*, *Her Majesty Queen in Right of Can. as Represented by Minister of Agric. &*

19  *Agri-Food v. Van Well Nursery, Inc.*, No. 2:20-CV-00181-SAB, 2021 WL 131261, at *3 (E.D.

20  Wash. Jan. 13, 2021) ("Like all other cases in federal court, the plaintiff must show that it suffered

21  an injury in fact that is fairly traceable to the challenged conduct of the defendant, and that its

22  injury is likely to be redressed by a favorable judicial decision.").

23          Under the Copyright Act, only the "legal or beneficial owner of an exclusive right under a

24  copyright" has standing to sue for infringement of that right. *See* 17 U.S.C. § 501(b); *Silvers v.*

1   *Sony Pictures Entertainment, Inc.,* 402 F.3d 881, 890 (9th Cir. 2005) (en banc) (holding that, under

2   Section 501, only a party with an ownership interest has standing to sue). Section 106 of the

3   Copyright Act lists the "exclusive rights" that can be held. They include the right to reproduce the

4   copyrighted work, to prepare derivative works based on the work, and to distribute copies of the

5   work by selling, renting, leasing, or lending. *See* 17 U.S.C. § 106. The assignment of the bare right

6   to sue for infringement, without the transfer of an associated exclusive right, is impermissible

7   under the Copyright Act and does not confer standing to sue. *Silvers*, 402 F.3d at 890.

8         Word Ape was the owner of the copyright in the Roller Video until December 16, 2021,

9   when it assigned all "right, title, and interest of every kind and nature" in the Roller Video

10   copyright to Cheddar Creations. Dkt. No. 22-4 at 3, 50. Word Ape also assigned to Cheddar

11   Creations "all claims, . . . causes of action, rights of recovery and rights of set-off of any kind

12   related to the" Roller Video copyright. *Id.* at 4. This case is listed as an "Action" (which includes

13   "claims" and "causes of action") in the assignment agreement. *Id.* at 19, 52. This agreement was

14   recorded with the Copyright Office on September 19, 2022. Dkt. No. 29-4. There is no indication

15   that Word Ape retained any right to, or other interest in, the Roller Video copyright or any

16   associated legal actions following the December 2021 assignment. The Court thus finds that

17   Plaintiff has standing to sue for copyright infringement as the legal or beneficial owner of an

18   exclusive right to the Roller Video copyright. *See, e.g.*, *Minden Pictures, Inc. v. John Wiley &*

19   *Sons, Inc.*, 795 F.3d 997, 1002–03 (9th Cir. 2015). Because Plaintiff has failed to state a claim for

20   patent infringement, *see* Section I.A.2.a below, the Court does not separately address Plaintiff's

21   standing with respect to that claim.

22   **C.**    **Legal Standard**

23         Upon an entry of default under Federal Rule of Civil Procedure 55(a), courts have

24   discretion to enter default judgment against the party that has failed to appear or otherwise defend

in an action. *See* Fed. R. Civ. P. 55(b)(2); *Hawaii Carpenters' Tr. Funds v. Stone*, 794 F.2d 508, 511–12 (9th Cir. 1986). Default judgments are ordinarily disfavored, and if reasonably possible, cases should be resolved on their merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). When deciding whether to grant a motion for default judgment, courts generally consider the following factors, often referred to as the *Eitel* factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Id.* at 1471–72; *see Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1182 (W.D. Wash. 2022). In this posture, courts must accept as true the factual allegations pleaded in the complaint, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987).

If the Court determines that an entry of judgment is warranted under the *Eitel* factors, the Court must next determine the character and amount of relief to be awarded. *Waters*, 600 F. Supp. 3d at 1182. Plaintiffs seeking an award of damages must provide the court with evidence to establish the amount. *TeleVideo Sys.*, 826 F.2d at 917; *see also Flores v. Flores*, 590 F. Supp. 3d 1373, 1379 (W.D. Wash. 2022). In addition, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

**D.**   **Plaintiff Is Entitled to Default Judgment on its Copyright Claim**

The Court has considered the *Eitel* factors and finds that an entry of default judgment on Plaintiff's copyright claim, but not its patent claim, is appropriate in this case.

1.   The Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers the possibility of prejudice to the plaintiff, which on a motion for default judgment, "exists where the plaintiff has no recourse for recovery other than default judgment." *See Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash.

2014) (cleaned up). Plaintiff initiated this action in December 2020 and, to date, Pawico has failed to plead or otherwise defend itself. Plaintiff thus faces a possibility of prejudice because it is left without a legal remedy absent entry of default judgment. *See Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030, at *3 (W.D. Wash. Jan. 31, 2022).

   2. <u>The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint</u>

   "The second and third *Eitel* factors—the substantive merits of the claim and the sufficiency of the complaint—are often analyzed together." *Curtis*, 33 F. Supp. 3d at 1211. In evaluating these factors, the Court considers whether the allegations in the amended complaint are sufficient to state a claim on which Plaintiff may recover. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Because Plaintiff has pleaded a meritorious copyright infringement claim but has not done so with respect to its patent claim, the Court finds that these two factors weigh in favor of default judgment on only the copyright claim. *See, e.g.*, *Flores*, 590 F. Supp. 3d at 1379–80.

   a. *Patent infringement*

   Federal Rule of Civil Procedure 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In order to comply with Rule 8(a)(2), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

1    "Accordingly, a plaintiff cannot assert a plausible claim for infringement under the

2    *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused

3    product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir.

4    2021). "There must be some factual allegations that, when taken as true, articulate why it is

5    plausible that the accused product infringes the patent claim." *Id.* Nevertheless, "[a] plaintiff is not

6    required to plead infringement on an element-by-element basis." *Id.* at 1352. Rather, "[t]he level

7    of detail required in any given case will vary depending upon a number of factors, including the

8    complexity of the technology, the materiality of any given element to practicing the asserted

9    claim(s), and the nature of the allegedly infringing device." *Id.* at 1353.

10       To support its claim for patent infringement, Plaintiff only provides the following

11   allegations in the complaint: "Plaintiff makes and sells devices that embody one or more claims of

12   the '706 patent under the name CHOMCHOM ROLLER®," and Pawico:

13           has infringed and continues to infringe one or more claims of the '706 patent by
             making, using, selling and/or offering to sell, or allowing others to make, use, sell
14           and/or offer for sale, in the United States and in this judicial district, products, such
             as the "Pawico Roller Pet Hair Remover" that is covered by, embody, or practice
15           one or more of the claims of the '706 patent. Defendant is liable for infringement
             of the '706 patent pursuant to 35 U.S.C. § 271.
16
17   Dkt. No. 22 at 2–3. Plaintiff's threadbare and conclusory allegations "do not suffice." *Bot M8*, 4

18   F.4th at 1352 (quoting *Iqbal*, 556 U.S. at 678). The complaint contains no factual allegations

19   articulating why it is plausible that the accused product infringes the claims at issue. As such, the

20   complaint fails to properly state a claim for patent infringement. *See id.* at 1353 (explaining that

21   "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible

22   that the accused product infringes the patent claim"); *Golden v. Qualcomm Inc.*, No. 2023-1818,

23   2023 WL 6561044, at *1 (Fed. Cir. Oct. 10, 2023) ("[A]lthough a plaintiff need not prove its case

24   at the pleading stage and is not required to plead infringement on an element-by-element basis, it

cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." (cleaned up)), *cert. denied*, No. 23-740, 2024 WL 1143679 (U.S. Mar. 18, 2024).

Although Plaintiff adds significant detail regarding how Pawico infringed its patent in an exhibit to its motion for default judgment, Dkt. No. 29 at 2–3; Dkt. No. 29-2, Plaintiff may not amend its complaint through such a motion or exhibit. *See Charette v. Twin Air Calypso Ltd., Inc.*, No. 12-61461-CIV, 2012 WL 12887014, at *1 (S.D. Fla. Nov. 7, 2012).

Because Plaintiff has failed to state a claim for patent infringement, it is not entitled to a default judgment against Pawico on Count I of its complaint. *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854–55 (9th Cir. 2007) (affirming the denial of a motion for default judgment where the plaintiff failed to state a claim); *see also, e.g.*, *Warming Trends, LLC v. Flame DesignZ, LLC*, No. 22-CV-00252-PAB-STV, 2023 WL 196288, at *7 (D. Colo. Jan. 17, 2023) (denying motion for default judgment for failure to state a claim where the complaint merely recited the elements of claim 1 of the patent and "contain[ed] no other factual allegations describing the Accused Instrumentalities or how those products infringe on the patent claim"); *CSTECHUS, Inc. v. NorthernZone, LLC*, No. 21-CV-00122-H-AHG, 2021 WL 4974825, at *2 (S.D. Cal. Oct. 25, 2021) (denying motion for default judgment based on similar deficiencies).

            b.    *Copyright infringement*

"To establish direct copyright infringement, the [plaintiff] must (1) show ownership of the allegedly infringed material and (2) demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (cleaned up); *see also* 17 U.S.C. § 501(a). The allegations in Plaintiff's amended complaint, when taken to be true, establish that Plaintiff owns a valid registered copyright in the Roller Video, and that Pawico willfully infringed Plaintiff's

copyright by producing a derivative work that was clearly based on the Roller Video, in violation of 17 U.S.C § 106(2). *See* Dkt. No. 22 at 3–6; *see also* Dkt. No. 22-2; Dkt. No. 22-4 at 50. Therefore, Plaintiff's well-pleaded allegations state a meritorious claim for copyright infringement, and this factor weighs in favor of default judgment on Plaintiff's copyright claim. *See, e.g.*, *Amazon Content Servs. LLC v. Kiss Libr.*, No. C20-1048-MJP, 2021 WL 5998412, at *3 (W.D. Wash. Dec. 17, 2021).

### 3.   The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). This requires the Court to assess whether the recovery sought is proportional to the harm caused by Defendant's conduct. *See Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626-JLR, 2014 WL 358412, at *4 (W.D. Wash. Jan. 31, 2014). Here, Plaintiff seeks $1 in nominal damages on its patent infringement claim and $30,000 in damages on its copyright infringement claim, as well as $16,473.50 in attorney's fees and costs, for a total of $46,474.50. *See* Dkt. No. 29 at 12–13, 18–19.

Since Plaintiff has failed to state a claim for patent infringement, it is not appropriate to award damages or fees related to that claim. In contrast, Plaintiff has adequately alleged that Pawico willfully infringed its copyright, and the $30,000 it seeks is the maximum statutory recovery for non-willful copyright infringement under 17 U.S.C. § 504(c)(1), and well below the $150,000 statutory cap for willful infringement under Section 504(c)(2). *See, e.g.*, *Universal Dyeing & Printing, Inc. v. DIF Grp., Inc.*, No. 2:17-CV-00825-CAS(ASx), 2018 WL 1603128, at *4 (C.D. Cal. Mar. 26, 2018). For the reasons laid out elsewhere in this Order, the Court finds that Plaintiff is entitled to recover this sum, as well as attorney's fees in the amount of $12,498. The total amount is substantial, but these amounts are proportional to and reflective of the seriousness

of Pawico's alleged copyright infringement. This factor therefore weighs in favor of default judgment on Plaintiff's copyright claim.

### 4.    The Possibility of a Dispute Concerning Material Facts

As for the fifth factor, no genuine issue of material fact exists with respect to Plaintiff's copyright infringement claim. Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18.

### 5.    Whether the Default Was Due to Excusable Neglect

Turning to the sixth factor, the record contains no indication that Pawico's default was due to excusable neglect. Pawico has been served and given sufficient notice of this action. *See* Dkt. No. 11 at 1–2 (affidavit of service). Although Plaintiff has not served Pawico with its motion or amended pleading, it was not required to do so since Pawico has not appeared in this action. Fed. R. Civ. P. 5(a)(2); LCR 55(b)(4); *see also supra* note 2. Because there is no evidence of excusable neglect, this *Eitel* factor favors the entry of a default judgment on Plaintiff's copyright claim.

### 6.    The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

Finally, the Court is aware that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive," because Rule 55 allows a court to issue a default judgment if the defendant fails to appear and defend. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177 (cleaned up). Accordingly, although the Court is cognizant of the policy in favor of decisions on the merits, that policy does not preclude the entry of default judgment where, as here, Pawico has failed to appear or defend and the other *Eitel* factors weigh in favor of entering a default judgment on Plaintiff's copyright claim.

In sum, the Court finds that the *Eitel* factors weigh in favor of entry of default judgment on Plaintiff's copyright claim.

**E.     Plaintiff Is Entitled to the Relief It Seeks with Respect to its Copyright Infringement Claim**

Having found that entry of default judgment is warranted, the Court turns to the relief Plaintiff seeks. Plaintiff seeks three categories of relief from Pawico: (1) damages; (2) permanent injunctive relief; and (3) attorney's fees and costs. The court discusses each in turn.

1.     Damages

As noted above, Plaintiff seeks $1 in nominal damages from Pawico for its patent infringement claim and $30,000 in statutory damages for its copyright infringement claim. Dkt. No. 29 at 12–13. Because Plaintiff has failed to state a claim for patent infringement, the Court does not award damages related to this claim.

With respect to Plaintiff's request for $30,000 in statutory damages for its copyright infringement claim against Pawico, a party may elect to receive statutory, rather than actual, damages for infringement of registered copyrights, "regardless of the adequacy of the evidence offered as to [its] actual damages and the amount of the defendant's profits." *Columbia Pictures Television, Inc. v. Krypton Broad. Of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) (cleaned up); *see* 17 U.S.C. § 504(c)(1). The Copyright Act sets a $750 minimum and a $30,000 maximum award of statutory damages for copyright infringement, and the maximum award can be increased to as much as $150,000 where the infringement was willful. 17 U.S.C. § 504(c)(1)– (2). "If statutory damages are elected, the court has wide discretion in determining the amount of statutory damages to be awarded, constrained only by the specified maxima and minima" in the statute. *Peer Int'l Corp. v. Pausa Recs., Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990) (cleaned up). The Court also considers "the amount of money requested in relation to the seriousness of the

defendant's conduct, whether large sums of money are involved, and whether 'the recovery sought is proportional to the harm caused by defendant's conduct.'" *UN4 Prods., Inc. v. Primozich*, 372 F. Supp. 3d 1129, 1135 (W.D. Wash. 2019) (quoting *Curtis*, 33 F.Supp.3d at 1212).

Plaintiff originally requested actual damages on its copyright infringement claim, *see* Dkt. No. 22 at 8, but has been unable to quantify the damages caused by Pawico. Nevertheless, Plaintiff argues that an award of $30,000 in statutory damages reflects Pawico's "infringing use of Plaintiff's work for anticompetitive purposes; [] would help compensate Plaintiff for the harm it suffered; and [] would deter [Pawico] from engaging in such conduct again." Dkt. No. 29 at 13. The Court agrees. "Congress has authorized statutory damages in significant amounts to compensate for difficult-to-prove downstream losses and to deter future infringement." *UN4 Prods.*, 372 F. Supp. 3d at 1134–35 (citing *Los Angeles News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998)). In this case, the Court finds that Plaintiff has alleged a willful and rather blatant instance of copyright infringement justifying an award of $30,000 in statutory damages. *See* Dkt. No. 22 at 3–6. This award is reasonable given the severity of the infringement and to help deter future infringement. *See, e.g.*, *Nat. Hair Growth Ctrs. of Ariz., LLC v. Edmund*, No. 3:19-CV-00026-H-BGS, 2019 WL 2249976, at *6 (S.D. Cal. May 23, 2019) (awarding $30,000 in statutory damages on default judgment); *Microsoft Corp. v. Lopez*, No. C08-1743-JCC, 2009 WL 959219, at *4 (W.D. Wash. Apr. 7, 2009) (finding award of $30,000 reasonable and appropriate, "especially in light of the evidence that Defendant's infringements may have been willful, which, if proven, would entitle [Plaintiff] to seek up to $150,000 in statutory damages.").

### 2.   Permanent Injunction

Next, Plaintiff requests a permanent injunction enjoining Pawico, "its officers, agents, servants, employees, and all those persons in active concert or participation with them from further acts of patent infringement, including the making, using, selling, and offering to sell the Pawico

Pet Hair Remover and colorable imitations thereof within the scope of the '706 patent," and "preventing the further reproduction, display, and distribution of the derivative Roller Video and all derivative works based thereon[.]" Dkt. No. 22 at 7–8.

Again, because Plaintiff has failed to state a claim for patent infringement, the Court does not award injunctive relief related to that claim. With respect to Plaintiff's copyright claim, the Court has the ability to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a); *see, e.g.*, *UN4 Prods.*, 372 F. Supp. 3d at 1134 (entering a permanent injunction on default judgment). To be entitled to a permanent injunction, a plaintiff must demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Sys. Corp. v. Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993). However, a plaintiff is not required "to introduce concrete evidence that the defendants are likely to infringe again" in order to be entitled to permanent injunctive relief. *Polo Fashions, Inc. v. Dick Bruhn*, Inc., 793 F.2d 1132, 1135 (9th Cir. 1986); *see also Levi Strauss & Co. v. Shilon*, 121 F.3d 1309, 1314 (9th Cir. 1997). Here, the *eBay* factors support a permanent injunction.

### a.   *Irreparable Harm*

Irreparable harm is not presumed, even where infringement has been found. *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 996 (9th Cir. 2011). Rather, harm is irreparable when it cannot be remedied except through injunctive relief. *See Microsoft Corp. v. Motorola, Inc.*, No. C10-1823-JLR, 2012 WL 5993202, at *6 (W.D. Wash. Nov. 30, 2012). In this

case, the Court finds that absent injunctive relief, Plaintiff is likely to suffer irreparable harm because its alleged injuries "are neither easily calculable, nor easily compensable." *Padded Spaces, LLC v. Weiss*, No. C21-0751-JLR, 2022 WL 2905887, at *6 (W.D. Wash. July 22, 2022) (internal quotation marks and citation omitted); *see also Danik Indus., Ltd. v. Ningbo EZ Mach. Co.*, No. LACV-20-3625-PSG(SKx), 2021 WL 3615912, at *6 (C.D. Cal. June 7, 2021) ("[W]here [defendant] has failed to appear, . . . money damages may be essentially unavailable, transforming this harm into irreparable harm."). In other words, because "Plaintiff cannot establish [Pawico]'s sales and profits with any certainty," or quantify the harm of the "intangible injuries" it suffered such as "[t]he threat of the loss of prospective customers, goodwill, or reputation," injunctive relief is an appropriate remedy. Dkt. No. 29 at 15; *see also* Dkt. No. 22 at 3, 6. Thus, the Court finds that Plaintiff has shown irreparable injury as a result of Pawico's infringement of its copyright.

### b.    *Inadequacy of Monetary Damages*

Pawico's failure to appear in this action or provide any assurances that it has been dispossessed of "the means to continue infringing in the future" further demonstrates the inadequacy of monetary damages as a remedy for its alleged infringements. *UN4 Prods.*, 372 F. Supp. 3d at 1134; *see also Kiss Libr.*, 2021 WL 5998412, at *7 (finding monetary damages in copyright infringement case to be insufficient where such damages would not prevent defendant from "engaging in further abusive conduct"). The Court is accordingly satisfied that monetary damages alone are insufficient in this case.

### c.    *Whether the Balance of Hardships Favors Plaintiff*

The Court finds that the balance of hardships favors Plaintiff. Pawico would suffer no harm from an injunction since the injunction Plaintiff requests would require only that Pawico cease infringing Plaintiff's copyright, whereas Plaintiff would otherwise be left vulnerable to the risk of future infringement. *See Padded Spaces*, 2022 WL 2905887, at *6 (finding that the "continued

infringement of [plaintiff]'s intellectual property rights . . . outweigh[ed] any hardship to [defendant] that would result from an injunction against its unlawful conduct."); *see also Cadence Design Sys., Inc. v. Avant! Corp.*, 125 F.3d 824, 829 (9th Cir. 1997) ("[A] defendant who knowingly infringes another's copyright cannot complain of the harm that will befall it when properly forced to desist from its infringing activities." (cleaned up)); *Polo Fashions*, 793 F.2d at 1135 ("If the defendants sincerely intend not to infringe, the injunction harms them little[.]"). On the other hand, as discussed above, Plaintiff's hardship absent an injunction would be significant.

### d.     *Whether an Injunction Would Benefit the Public Interest*

Finally, preventing further copyright infringement undoubtedly serves the public interest. Plaintiff's statutory right to enforce its copyright outweighs Pawico's interest in unlawfully promoting its product with an infringing video. There is a strong public policy favoring the protection of copyrights. *See Glacier Films (USA), Inc. v. Turchin*, 896 F.3d 1033, 1041 (9th Cir. 2018). Further, there is no evidence to suggest that the public would be harmed by an injunction against Pawico.

In sum, upon consideration of the foregoing factors, the Court finds that a permanent injunction against Pawico is appropriate. The Court grants Plaintiff's request for a permanent injunction enjoining Pawico from further infringements of the Roller Video copyright. *See* Dkt. No. 22 at 8.

### 3.     Attorney's Fees and Costs

Last, Plaintiff requests an award of $16,473.50 in attorney's fees and costs as the prevailing party on its copyright infringement claim. Dkt. No. 29 at 18–19; *see also* Dkt. No. 22 at 8. Notably, although Plaintiff also requested attorney's fees and costs as part of its patent infringement claim in its complaint, *see* Dkt. No. 22 at 3, 7, Plaintiff makes no argument as to attorney's fees related to this claim in its motion for default judgment, *see generally* Dkt. No. 29. *See also* 35 U.S.C.

§ 285 (authorizing courts to award reasonable attorney's fees to the prevailing party in patent infringement suits only in "exceptional cases").

The Copyright Act authorizes district courts to award "full costs," including a reasonable attorney's fee, to the prevailing party. 17 U.S.C. § 505. The decision whether to award attorney's fees falls within the Court's discretion. *See id.* The Supreme Court has provided a nonexclusive list of factors for courts to consider in making a fee determination: (1) frivolousness; (2) motivation; (3) objective legal or factual unreasonableness; and (4) the need to advance the considerations of compensation and deterrence. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994); *see also Glacier Films*, 896 F.3d at 1037. The Ninth Circuit has also added factors that "may be considered and need not all be met: the degree of success obtained in the litigation, the purposes of the Copyright Act, and whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious litigant." *Glacier Films*, 896 F.3d at 1037 (cleaned up). "[D]istrict courts should accord substantial weight to the reasonableness of the losing party's legal and factual arguments." *Id.* (cleaned up).

Here, Plaintiff has succeeded on its copyright infringement claim in pursuit of the reasonable, non-frivolous goal of enforcing its intellectual property rights. And in this case, an award of attorney's fees would advance considerations of compensation and deterrence and further the purposes of the Copyright Act. *Glacier Films*, 896 F.3d at 1041. Finally, because Pawico has not participated in this action, the Court does not have any way to assess the reasonableness of its arguments or determine whether awarding attorney's fees would impose an inequitable burden. The Court therefore finds that Plaintiff is entitled to attorney's fees and costs on its copyright claim, and for the reasons set forth below, awards $13,238 in fees and costs.

        a.    *Attorney's Fees*

To establish the reasonableness of its requested attorney's fees, Plaintiff properly uses the

"lodestar" method, Dkt. No. 29 at 18, which involves multiplying the number of hours reasonably expended on the claim or motion by a reasonable hourly rate. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 (9th Cir. 1987); *see also* LCR 55(b)(2)(C). In calculating the lodestar figure, the Court should consider any of the relevant factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992). In this case, the relevant *Kerr* factors include: the time and labor required, the novelty and difficulty of the questions involved, the amount involved and the results obtained, and the experience, reputation, and ability of the attorneys. *See id.*

In its motion for default judgment, Plaintiff states that it has incurred a total of $15,733.50 in attorney's fees, consisting of $8,413.50 accrued by pro hac vice counsel Lance Johnson of Johnson Legal PLLC, and $7,320 billed by local counsel Michael G. Atkins of Atkins Intellectual Property PLLC. Dkt. No. 29 at 19; *see also* Dkt. No. 30-3 at 2–4 (invoices showing 21.3 hours billed by Mr. Johnson for a total of $8,413.50, as well as "additional charges" attributed to local counsel (Mr. Atkins) totaling $4,009); Dkt. No. 31 at 2 (listing "[a]dditional [b]illings" totaling $3,320 for 8 hours worked by Mr. Atkins between December 2020 and June 2021). In his declaration, Mr. Johnson avers that he and Mr. Atkins have billed 37.4 hours in this action at hourly rates of $395 and $400, respectively, totaling $14,773.00. Dkt. No. 30 at 1–2; Dkt. No. 31 at 2. Of those 37.4 hours, he maintains that they spent 7.5 hours specifically on copyright issues, 7.5 hours on patent issues, and the remaining 22.4 hours on procedural and case management issues applying to both claims. Dkt. No. 30 at 2. Accordingly, Mr. Johnson maintains that he and Mr. Atkins spent 29.9 hours on copyright issues "and associated procedural matters," totaling $11,810.50 in fees, of which he personally is presumably seeking to recover only $8,413.50. *Id.*; *see* Dkt. No. 29 at 19. Mr. Atkins' declaration adds five entries for his time totaling $3,320 that he claims were not included in Mr. Johnson's declaration. Dkt. No. 31 at 2. He does not attempt to distinguish between

the hours he billed relating to Plaintiff's copyright claim and the hours relating to its patent claim, nor do his time entries provide a clear delineation. Dkt. No. 31 at 2.

These numbers do not add up. The sums listed in the invoices attached to Mr. Johnson's declaration total $12,422.50, not $14,733. *Compare* Dkt. No. 30 at 2, *with* Dkt. No. 30-3. The invoices reflect 10.02 hours of work from Mr. Atkins as local counsel and 21.3 hours of work from Mr. Johnson—a total of 31.3 hours, not 37.4 hours. Assuming the attorneys spent one fifth of that time working on the patent claim, as Mr. Johnson avers, the Court reduces the accurate total of $12,422.50 by 20 percent for a total of $9,938.

Mr. Atkins' five additional entries purport to bill for 8 hours of time, which totals $3,200, not $3,320 as stated in his declaration and the motion. Dkt. No. 29 at 19; Dkt. No. 31 at 2. Because Mr. Atkins did not explain what portion of his five additional time entries were dedicated to patent work, the Court applies the 20% reduction suggested by Mr. Johnson, and reduces the accurate total of $3,200 by 20% for a total of $2,560.

With respect to the reasonableness of the hourly rates requested, the Court finds that the hourly rates of $395 per hour for work performed by Mr. Johnson and $400 per hour for work performed by Mr. Atkins to be reasonable in this case. Reasonable fees "are to be calculated according to the prevailing market rates in the relevant community[.]" *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community "is the forum in which the district court sits," *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008), and courts may also consider "rate determinations in other cases," *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). In this case, Plaintiff supports the requested hourly rates by referencing a September 2019 survey by the American Intellectual Property Law Association, which found that the median average billing rate for IP work in 2018 was $400, which is equal to or greater than the rates Plaintiff used to calculate the lodestar. *See* Dkt. No. 30-2. In addition, Mr. Johnson attests

that he has over 35 years of experience in intellectual property litigation, Dkt. No. 30 at 1; Dkt. No. 30-1, and Mr. Atkins attests that he has been practicing law for more than 24 years and has taught classes on intellectual property law for 10 years, Dkt. No. 31 at 1; Dkt. No. 31-1. Therefore, the Court finds the requested hourly rates to be reasonable. *See, e.g.*, *Amazon.com v. Kurth*, No. 2:18-CV-00353-RAJ, 2019 WL 3426064, at *6 (W.D. Wash. July 30, 2019) (finding hourly rates of approximately $550 and $330 to be reasonable for attorneys with 30 and 6 years of experience, respectively); *Getty Images (U.S.), Inc. v. Virtual Clinics*, No. C13-0626-JLR, 2014 WL 1744522, at *3 (W.D. Wash. Apr. 29, 2014) (finding hourly rates of $465 and $385 to be reasonable in 2014 copyright case).

With respect to the reasonableness of the number of hours billed, the Court notes that Plaintiff bears "the burden of documenting the hours expended on this matter and establishing their reasonableness." *UN4 Prods.*, 372 F. Supp. 3d at 1137 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). Here, as discussed above, the accurate lodestar figure is 31.458 hours (14.418 hours by Mr. Atkins, and 17.04 hours by Mr. Johnson), which is reasonable. *See, e.g.*, *Eve Nevada*, 2022 WL 279030, at *11 (finding 43.75 of compensable work to be reasonable in default judgment for copyright infringement). The Court is mindful that Plaintiff has not requested any new fees in connection with its supplemental briefing, amended complaint, or renewed motion for default judgment. *Compare* Dkt. No. 15 at 18 (requesting $15,733.50 in attorney's fees), *with* Dkt. No. 29 at 19 (same). Indeed, the billing records submitted in support of both the original motion for default and the instant motion appear to be identical. *Compare* Dkt. Nos. 16-2, 17, *with* Dkt. Nos. 30-3, 31. And although the issues presented in this case were not particularly difficult or novel, the Court factors in Plaintiff's success in obtaining a default judgment on its copyright claim and the hours expended on effectuating an alternative method of service. Finally, notwithstanding the mathematical errors, the billing summaries and invoices submitted by Mr. Johnson and Mr. Atkins

reflect reasonable hours spent advancing the litigation. *See* Dkt. No. 30-3 at 2–4; Dkt. No. 31 at 2. Upon thorough review of the record, the Court finds 31.458 hours (17.04 by Johnson and 14.418 by Mr. Atkins) to be a reasonable number of hours expended.

Accordingly, the Court awards Plaintiff a total of $12,498 in attorney's fees, consisting of $6,730.80 for Mr. Johnson's 17.04 hours on the copyright claim billed at an hourly rate of $395 and $5,767.20 for Mr. Atkins' 14.418 hours (contained in both his and Mr. Johnson's billing summaries) on the copyright claim billed at an hourly rate of $400.

        b.     *Costs*

Finally, the Court finds that Plaintiff has adequately supported its request for $740 in costs, which is comprised of a $402 filing fee, a $100 process server fee, and a $238 pro hac vice fee. Dkt. No. 30 at 2; Dkt. No. 30-3 at 2 (itemizing process server fee).

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Renewed Motion for Default Judgment and Permanent Injunction Against Defendant. Dkt. No. 29.

Default judgment shall enter in favor of Plaintiff and against Defendant, as follows:

1.      Plaintiff is AWARDED $30,000 in statutory damages for copyright infringement pursuant to 17 U.S.C. § 504(c)(1);

2.      Plaintiff is AWARDED $12,498 in attorney's fees;

3.      Plaintiff is AWARDED $740 in costs.

4.      Interest shall accrue on this judgment pursuant to 28 U.S.C. § 1961(a).

5.      Pawico, along with its officers, agents, servants, employees, and anyone acting in concert or participation with them, is PERMANENTLY ENJOINED and RESTRAINED from

publishing or causing to be published any work derivative of Plaintiff's "ChomChom Roller Ad" registered with the United States Copyright Office under Registration Number PA 2-245-379.


      Dated this 31st day of March, 2024.

Lauren King
United States District Judge